```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
QING CHANG,                                                             :
                                                                        :
                              Plaintiff,                                :
                                                                        :
              -v-                                                       :    24 Civ. 6565 (JPC) (SLC)
                                                                        :
UR MENDOZA JADDOU, et al.,                                              :    ORDER ADOPTING
                                                                        :    REPORT AND
                              Defendants.                               :    RECOMMENDATION
                                                                        :
----------------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Qing Chang, proceeding *pro se*, brings this action under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 555 *et seq.*, seeking an order compelling the Secretary of the Department of Homeland Security and the Director of United States Citizenship and Immigration Services ("USCIS") to render a decision as to his application for asylum in the United States. Dkt. 1. On February 11, 2024, the Honorable Sarah L. Cave, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned grant Defendants' motion to dismiss and dismiss Chang's Complaint without prejudice. Dkt. 17 ("R&R"). For reasons that follow, the Court overrules Chang's objections, adopts the Report and Recommendation in its entirety, and dismisses the Complaint without prejudice. Because no amendment in the near future could cure the deficiencies in Chang's Complaint, the Court also agrees with Judge Cave that leave to amend should be denied.

## I. Background[1]

A.  **Statutory and Regulatory Framework**

The Immigration and Nationality Act ("INA") permits any noncitizen "who is physically present in the United States or who arrives in the United States . . . irrespective of . . . status," to apply for asylum. 8 U.S.C. § 1158(a)(1). To obtain relief, an asylum applicant must establish that he either experienced past persecution or has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Id.* §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The applicant also must establish that he warrants a favorable exercise of discretion. *Id.* § 1158(b)(1)(A). The INA instructs that, absent exceptional circumstances, an initial interview of an asylum applicant shall commence within forty-five days of the filing of the application and that adjudication of the application shall be completed within 180 days of its filing. *Id.* § 1158(d)(5)(A)(ii)-(iii). The INA further provides, however, that "[n]othing in [§ 1158(d)] shall be construed to create any substantive or procedural right or benefit

---

[1] The Court assumes the parties' familiarity with the Report and Recommendation. The Court's recitation of the relevant facts is taken from the Complaint and the documents attached thereto, Dkt. 1 ("Compl."), which are assumed true for purposes of this Order, *see Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (explain that on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenging jurisdiction based on the complaint and any attached exhibits, the court assumes as true all facts from the complaint and the attached exhibits and construes all reasonable inferences in the plaintiff's favor); *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor"), as well as the allegations in Chang's *pro se* briefing, Dkts. 13 ("Opposition"), 20 ("Objections"), to the extent they are consistent with the facts alleged in his Complaint, *see Evans v. City of New York*, No. 21 Civ. 8660 (JPC), 2022 WL 1172740, at *1 n.1 (S.D.N.Y. Apr. 20, 2022). The Court also takes judicial notice of facts not subject to reasonable dispute, including those related to USCIS's asylum adjudication procedures, as set forth in documents from the agency's official website. *See Kravitz v. Tavlarios*, No. 20-2579-cv, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021) ("District Courts may take judicial notice of facts 'not subject to reasonable dispute' when they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)(2))).

that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

**B.     USCIS's Review of Asylum Applications**

On January 31, 2018, USCIS implemented a procedure for scheduling asylum interviews on a "last-in-first-out" ("LIFO") basis, which entailed "schedul[ing] asylum interviews for recent applications ahead of older filings." *See* U.S. Citizenship and Immigration Services, *USCIS to Take Action to Address Asylum Backlog*, https://www.uscis.gov/archive/uscis-to-take-action-to-address-asylum-backlog (last updated Feb. 2, 2018). This approach scheduled interviews based on the following priority: (1) applications whose interview had been rescheduled at the request of the applicant or due to the needs of USCIS; (2) applications that have been pending twenty-one days or fewer; and (3) all other pending affirmative asylum applications starting with newer filings and working back towards older filings. *Id.* USCIS reinstituted this LIFO policy, which was previously used for twenty years from 1995 to 2014, "to stem the growth of the agency's asylum backlog," to "deter those who might try to use the existing backlog as a means to obtain employment authorization,"[2] and to "identify frivolous, fraudulent or otherwise non-meritorious asylum claims earlier and place those individuals into removal proceedings." *Id.* As discussed below, USCIS received Chang's asylum application on July 7, 2021, after this LIFO policy went into effect. *See* Compl. at 3, 11.

Then, while Chang's asylum application was pending, USCIS adjusted its method for scheduling asylum interviews by instituting a two-track system, which continued to "seek[] to prioritize the most recently filed affirmative asylum applications when scheduling affirmative

---

[2] An alien whose asylum application has been pending for 150 days is eligible to apply for employment authorization, renewable in two-year increments. *See* 8 C.F.R. § 208.7(b).

asylum interviews." *See* U.S. Citizenship and Immigration Services, *Affirmative Asylum Interview Scheduling*, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling (last updated Mar. 29, 2024). In the first track, USCIS generally schedules interviews on a LIFO basis in the same priority that applied under the January 2018 policy. *Id.* In the second track, some asylum officers are assigned "to complete affirmative asylum applications pending in the backlog, starting with the oldest applications and working forward," thus "permit[ting] some of the oldest pending applications to be completed in chronological order." *Id.* Urgent requests to schedule an interview outside of this priority order may be considered on an individual basis. *Id.* When announcing this current policy, USCIS reiterated that its objective "is to deter individuals from using the asylum backlog solely to obtain employment authorization by filing frivolous, fraudulent, or otherwise non-meritorious asylum applications." *Id.*; *accord id.* ("Giving priority to recent filings typically allows USCIS to promptly place individuals into removal proceedings if USCIS does not grant the asylum application, which reduces the incentive to file for asylum solely to obtain employment authorization.").

**C.     Facts and Procedural History**

As a citizen of China and current resident of the United States, Chang submitted an asylum application on June 28, 2021, which was received by USCIS on July 7, 2021. Compl. at 3, 11[3]. On May 2, 2024, Chang was granted employment authorization. *Id.* at 4. The Court assumes that, as of the date of this Order, USCIS has yet to adjudicate Chang's asylum application. *See* U.S. Citizen and Immigration Services, *Case Status Online*, https://egov.uscis.gov (Chang's asylum application receipt number last searched on July 17, 2025, indicating that the initial interview had not yet been scheduled); Compl. at 11 (showing the receipt number of Chang's asylum

---

[3] The Court cites to the Complaint using its ECF pagination.

4

application); *see also* Compl. at 4-5 (alleging that, as of the date of the Complaint, *i.e.*, August 30, 2024, USCIS had not adjudicated Chang's application). Chang alleges that the delay in adjudication "has caused significant distress and uncertainty," as well as "severe financial hardship, including homelessness and an inability to repay accumulated debts." Compl. at 6.

Having waited over three years for his application to be processed, Chang commenced the instant action on August 30, 2024. Dkt. 1. Asserting claims under the Mandamus Act and the APA, Chang requests that the Court issue a writ of mandamus compelling USCIS to adjudicate his application, declare the delay in adjudication "unreasonable and unlawful under the [APA]," "[a]cknowledge [Chang's] dire financial situation, including bankruptcy and homelessness, which [was] exacerbated by the delay in processing the asylum application," and order USCIS to submit monthly status reports until a final decision is rendered regarding his asylum application. Compl. at 5-6.

On November 4, 2024, Defendants moved to dismiss the Complaint for want of jurisdiction and for failure to state a claim. Dkts. 9, 10. Chang opposed the motion on November 19, 2024, Dkt. 13, and Defendants replied on November 26, 2024, Dkt. 14. On February 11, 2025, Judge Cave issued a Report and Recommendation, recommending that Defendants' motion be granted. R&R at 2. Judge Cave first concluded that Chang did not have a "clear right" to the relief sought to warrant a writ of mandamus, and thus recommended dismissing that claim without prejudice for lack of jurisdiction. *Id.* at 8-11. Judge Cave next recommended dismissing Chang's APA claim without prejudice, reasoning that USCIS's delay has not been "unreasonable." *Id.* at 11-16. Judge Cave concluded that Chang was not entitled to declaratory relief because the Complaint failed to state any other claim that would preserve the case or controversy. *Id.* at 17. Finally, Judge Cave recommended denying Chang's request for leave to amend the Complaint because any

immediate amendment would be futile. *Id.* at 17-18. The Court now considers Chang's objections to the Report and Recommendation. *See* Dkt. 20.[4]

## II. Legal Standard

### A. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). On the other hand, a district court reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only

---

[4] On February 26, 2025, after no objections to the Report and Recommendation were filed on the docket by the deadline for the parties to do so, the Court issued an Order adopting the Report and Recommendation. Dkt. 18. On February 27, 2025, however, a document containing objections from Chang and dated February 25, 2025, was entered on the docket. Dkt. 20. Also entered on February 27, 2025, was a letter from Chang, dated February 25, 2025, in which he expressed difficulty in electronically submitting those objections, causing him to submit his "supporting evidence in person." Dkt. 19 at 1. That letter was stamped reflecting receipt by the Southern District of New York's *Pro Se* Office on February 25, 2025. *Id.* Because it appeared that Chang attempted to submit his objections by the deadline, but encountered difficulties in doing so, the Court vacated its prior Order adopting the Report and Recommendation and considered Chang's objections as timely. Dkt. 22.

satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

**B.      Motion to Dismiss**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff bears the burden of establishing this Court's subject matter jurisdiction "in the same way as any other matter on which [it] bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Where the Rule 12(b)(1) motion raises a facial challenge—that is, one based solely on the allegations of the complaint (and any attached exhibits)—a court assumes as true all facts from the complaint and the attached exhibits and construes all reasonable inferences in the plaintiff's favor. *Amidax Trading Grp.*, 671 F.3d at 145.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as

7

true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted). For this reason, "the Court will also deem the factual allegations contained in [Chang's] briefs to supplement his . . . complaint." *Johnson v. Wright*, 234 F. Supp. 2d 352, 356 (S.D.N.Y. 2002). But the liberal treatment is not boundless. *See Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017) ("[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." (internal quotation marks omitted)); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks omitted)).

### III.  Discussion

Chang raises four main objections to the Report and Recommendation.  He argues that Judge Cave erroneously concluded that (1) he was not entitled to mandamus relief, Objections at 1-3; (2) he was not entitled to relief under the APA, *id.* at 4-7; (3) declaratory relief was unavailable because his other two claims failed, *id.* at 7-8; and (4) amending the Complaint would be futile, *id.* at 8-10.  The Court addresses each in turn.

**A.    Mandamus Claim**

Chang first argues that Judge Cave misinterpreted the Mandamus Act.  *Id.* at 1-3.  The Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

8

owed to the plaintiff." 28 U.S.C. § 1361; *see Ying Yu Liu v. Wolf*, No. 19 Civ. 410 (PGG), 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) ("The court's authority to grant the requested relief [under the Mandamus Act] depends on the nature of the duty sought to be compelled: relief 'will issue only to compel the performance of a "clear nondiscretionary duty."'" (quoting *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988))). To obtain relief under this Act, a plaintiff must establish that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132-33 (2d Cir. 2008). "Mandamus jurisdiction is closely related to the merits of whether a writ of mandamus should issue." *Aydemir v. Garland*, No. 22 Civ. 100 (PAC), 2022 WL 4085846, at *6 (S.D.N.Y. Sept. 6, 2004) (internal quotation marks omitted).

Chang argues (a) that Judge Cave erroneously concluded that USCIS has "unfettered discretion to delay applications indefinitely" and (b) that he has "met all three prongs for mandamus relief." Objections at 1-3.[5] To begin, the Court does not share Chang's reading of the Report and Recommendation as concluding that USCIS has "unfettered discretion to delay applications indefinitely." *Id.* at 2. Rather, Judge Cave concluded that Chang did not have a clear

---

[5] In support of his arguments, Chang cites to "*Saleh v. Ridge*, No. 03 Civ. 6121 (RJH), 2004 WL 2203750 (S.D.N.Y. Sept 28, 2004)." Objections at 2. This case does not exist. The Westlaw citation (2004 WL 2203750) returns a case from the United States District Court for the Northern District of Ohio that resolves discovery disputes in an insurance coverage case. *See Toledo-Lucas Cnty. Port Auth. v. Axa Marine & Aviation (UK), Ltd.*, No. 3:99CV7320, 2004 WL 2203750 (N.D. Ohio Sept. 28, 2004). The corresponding case number (03 Civ. 6121) in this District is for *World Trade Systems v. Sea Go International Inc.*, No. 03 Civ. 6121 (VM) (S.D.N.Y.)—a case that has nothing to do with immigration, mandamus relief, or the APA. The quote that Chang attributes to this case (agencies may not "hide behind procedural ambiguities to justify indefinite delay") does not appear in any opinion from any federal court, at least as far as the Court is aware. Finally, there is a case with the same name as the one cited by Chang, *Saleh v. Ridge*, but the court there concluded that it "lack[ed] subject matter jurisdiction to compel agency action by writ of mandamus." 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005).

9

right to relief and that the USCIS did not owe a duty to Chang to adjudicate his application within the statutory time frame. Regardless, because Chang has available an alternative remedy under the APA, the Court need not address Chang's arguments as to the other two requirements.

Aside from a conclusory assertion that he "has met all three prongs for mandamus relief," Chang makes no argument with respect to the third requirement—that "there is no other adequate remedy available," *Benzman*, 523 F.3d at 133.[6] As discussed more below, *see infra* III.B, Chang has available an alternative remedy under the APA, thus depriving this Court of subject matter jurisdiction over his mandamus claim. *See Benzman*, 523 F.3d at 132-33 (concluding that the "District Court properly determined that the Plaintiffs have met none of the criteria for a writ of mandamus" in part because "[t]he Plaintiffs' claim for mandamus duplicates the APA count, both as to the underlying allegedly mandatory duties and as to the relief sought"); *Konde v. Raufer*, No. 23 Civ. 4265 (JPC), 2024 WL 2221227, at *5 (S.D.N.Y. May 16, 2024); *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020); *Ying Yu Liu*, 2020 WL 2836426, at *10. "This is true even though Plaintiff failed to adequately plead that alternative remedy." *Konde*, 2024 WL 2221227, at *5 (quoting *Cohen v. Jaddou*, No. 21 Civ. 5025 (PAC), 2023 WL 2526105, at *7 (S.D.N.Y. Mar. 15, 2023)). Accordingly, the Court overrules Chang's objections regarding his mandamus claim and dismisses that claim without prejudice for lack of subject matter jurisdiction.

---

[6] In arguing that Judge Cave misinterpreted the Mandamus Act, Chang acknowledges that the INA's "statutory deadlines are not enforceable through private action," Objections at 1, yet points to Defendants' failure to render a timely decision on his asylum application, *id.* at 2 ("Under the Administrative Procedure Act (APA) and established case law, agencies must act within a reasonable timeframe, even when Congress has not set a strict deadline."). This argument fails given the availability of APA review. And as Judge Cave concluded, "to the extent the Mandamus Claim is based on the Government's failure to act within the timetable described in Section 1158 of the INA, '[Section] 1158(d)(7) unequivocally denies asylum applicants a private right of action to enforce the procedural requirements found in that statute.'" R&R at 9-10 (alteration in original) (quoting *Ngai v. Mayorkas*, No. 22 Civ. 5358 (LDH), 2024 WL 1346530, at *2 (E.D.N.Y. Mar. 29, 2024)).

B.  **APA Claim**

Chang also argues that Judge Cave misapplied the law and improperly concluded that he is not entitled to relief under the APA. Objections at 4-7.

The APA provides for judicial review to compel agency action that is "unreasonably delayed." 5 U.S.C. § 706(1). The "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). In assessing the reasonableness of delay, courts apply the six so-called "*TRAC* Factors" set forth in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"):

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d 70, 80 (D.C. Cir. 1984) (internal quotation marks and citations omitted). Significantly, "the Supreme Court has held that evidence of the passage of time cannot, standing alone, support [a claim for unreasonably delayed administrative action]." *Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (citing *INS v. Miranda*, 459 U.S. 14, 19 (1982)).

Judge Cave concluded that USCIS's policy for scheduling asylum interviews, with priority given to the most recently filed affirmative asylum applications, "constitutes a 'rule of reason that satisfies the first *TRAC* Factor.'" R&R at 13 (alteration adopted) (quoting *Fangfang Xu*, 434 F. Supp. 3d at 53). In his objections, Chang generally appears to argue that there is no "rational basis" for USCIS's LIFO policy, and more specifically that the forty-three-month delay he is

11

facing "falls outside the bounds of reasonableness." Objections at 4-5.[7] The Court is persuaded by neither argument. First, "the Court joins the chorus of judges in this Circuit finding that the time USCIS takes to adjudicate asylum applications through its LIFO policy is governed by a rule of reason." *Konde*, 2024 WL 2221227, at *3 (collecting cases). As discussed, USCIS implemented a LIFO policy in January 2018, and then more recently a two-track system with LIFO review under the first track, to address the enormous backlog of asylum applications, to deter efforts to exploit that backlog as a means of obtaining employment authorization given that an alien is eligible to secure such authorization after his asylum application is pending for 150 days, *see supra* n.2, and to allow USCIS to filter out frivolous or fraudulent asylum claims earlier. *See supra* I.B. The Court discerns no basis to find that these policies defy reason. And second, courts have dismissed APA petitions raising claims of unreasonable delay in adjudicating asylum applications that were pending for periods similar to, or longer than, the delay that Chang is facing. *See, e.g.*, *Kanyan v. U.S. Citizenship & Immigr. Servs.*, No. 24 Civ. 8564 (RPK), 2025 WL 1489807, at *3 (E.D.N.Y. May 22, 2025) (forty-seven-month delay not unreasonable); *Xiaoling Hu v. Sessions*, No. 18 Civ. 2248 (WFK), 2020 WL 7486681, at *1 (E.D.N.Y. Dec. 17, 2020) (five-year delay not unreasonable); *Ying Yu Liu*, 2020 WL 2836426, at *1, *6 (four-and-a-half-

---

[7] Chang also argues that "LIFO . . . fails to justify indefinite delays for applicants who filed before its implementation." Objections at 4. This argument is misplaced, as USCIS re-instituted the LIFO policy on January 31, 2018, *see* U.S. Citizenship and Immigration Services, *USCIS to Take Action to Address Asylum Backlog*, https://www.uscis.gov/archive/uscis-to-take-action-to-address-asylum-backlog (last updated Feb. 2, 2018), and Chang submitted his asylum application on June 28, 2021, Compl. at 3—more than two years after that policy's adoption. USCIS then adjusted its method for scheduling asylum interviews while Chang's application was pending, but that current method retains LIFO as one of the two simultaneous tracks of priority. *See* U.S. Citizenship and Immigration Services, *Affirmative Asylum Interview Scheduling*, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling (last updated Mar. 29, 2024).

year delay not unreasonable); *Saleh*, 367 F. Supp. 2d at 513 (delay of nearly five years not unreasonable). The Court therefore overrules Chang's objections as to the first *TRAC* Factor.

Chang's next objection pertains to the third and fifth *TRAC* Factors. Judge Cave concluded that "Chang's circumstances"—including his "emotional distress and uncertainty," as well as his "accumulated debts" and eviction—"although unfortunate, do not tip the third and fifth *TRAC* Factors in his favor." R&R at 14-15. Chang argues that Judge Cave erred by reasoning that all of Chang's harms were "inherent in the asylum process"; instead, he argues, his harms are "a direct result of USCIS's inaction." Objections at 5-6. Judge Cave did not conclude as such in the Report and Recommendation. She noted, rather, that "although Mr. Chang attributes his debt and resulting eviction to the Government's delay in renewing his work authorization, he concedes that his authorization did not expire and was renewed on May 2, 2024." R&R at 15. The Court agrees with Judge Cave's reasoning. Chang does not contend that his work authorization expired, *see* Opposition at 8, so it is not clear how his inability to work, his accumulation of debt, and his eviction, *see* Objections at 5, are directly attributable to USCIS's delay in adjudicating his asylum application. Accordingly, the Court overrules Chang's objection as to the third and fifth *TRAC* Factors.[8]

Chang goes on to object to Judge Cave's reasoning with respect to the fourth *TRAC* Factor. Judge Cave concluded that this factor weighs against Chang because "a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." R&R at 15-16 (quoting *L.M. v. Johnson*, 150 F. Supp. 3d 202, 213 (E.D.N.Y. 2015)).

---

[8] Even if the Court were to agree with Chang's contentions of personal harm attributable to USCIS's delay in adjudicating his asylum application, the third and fifth *TRAC* Factors would only weigh slightly in Chang's favor and would not overcome the other factors that weigh strongly in Defendants' favor. *See Cheng v. Garland*, No. 24 Civ. 3465 (JLR), 2024 WL 5009146, at *4-5 (S.D.N.Y. Dec. 6, 2024).

Chang argues that USCIS has "arbitrarily" decided not to expedite his application for urgent humanitarian reasons, and that therefore "Factor 4 is neutral at best." Objections at 6-7.[9] The Court disagrees. Chang seeks merely a judicial reordering of USCIS's competing priorities, and the fourth *TRAC* Factor favors USCIS where, as here, granting Chang the relief he seeks would only harm other applicants who are equally deserving of prompt adjudication. *See Cheng*, 2024 WL 5009146, at *4 (collecting cases). Chang's objection as to the fourth *TRAC* Factor is therefore overruled.

Finally, Chang appears to object to Judge Cave's conclusion that the sixth *TRAC* Factor is neutral. *See* Objections at 6. He argues that, although "Judge Cave correctly notes that Plaintiff does not allege bad faith, . . . bad faith is not required to establish an unreasonable delay." *Id.* Judge Cave did not conclude otherwise; where a plaintiff does not plead an improper motive, the sixth *TRAC* Factor is neutral. *See Cohen*, 2023 WL 2526105, at *7. Accordingly, to the extent that Chang objects to Judge Cave's conclusion as to the sixth *TRAC* Factor, that objection is overruled.

Because, on the whole, the *TRAC* Factors favor Defendants, the Court adopts Judge Cave's recommendation and dismisses Chang's APA claim.

C.   **Declaratory Judgment**

Chang's next objection to the Report and Recommendation is that "Judge Cave erroneously assumes that because [Chang's] Mandamus and APA claims were dismissed, declaratory relief is automatically unavailable." Objections at 7-8. He argues that declaratory judgment "is a standalone remedy" and that it is not duplicative of his other claims because "it serves an

---

[9] In support of his argument, Chang attributes false quotations to *Hoo Loo v. Ridge*, No. 04 Civ. 5553 (DLI) (RML), 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007); *see* Objections at 6— a case which, in reality, does not support his argument at all.

14

independent function in clarifying legal rights and obligations."[10]  *Id.*  He claims that, here, declaratory relief would (1) "[c]larify that USCIS's failure to timely adjudicate [his] asylum application is unlawful," (2) "[a]cknowledge that the 43-month delay has caused concrete financial and personal harm," and (3) "provide guidance for future agency conduct, even if injunctive relief is not granted." *Id.* at 8.

Chang's argument is misplaced.  The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, "only provides courts with discretion to fashion a remedy, not a cause of action." *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113-14 (2d Cir. 2024).  It neither "create[s] an independent basis for federal subject-matter jurisdiction," nor "expand[s] the federal courts' subject-matter jurisdiction." *Id.* at 113.  Chang, therefore, "cannot maintain an action for a declaratory judgment without an underlying federal cause of action." *Springfield Hosp. v. Hofmann*, 488 F. App'x 534, 535 (2d Cir. 2012).  "A prayer for relief, standing alone, simply does not satisfy the requirement that a case or controversy exist." *Id.*  For this reason, because Chang has not stated a claim upon which relief can be granted as to any other claim, his request for declaratory relief also fails. *See, e.g.*, *Konde*, 2024 WL 2221227, at \*6; *Fangfang Xu*,

---

[10] In support of his argument, Chang first cites to "*Hernandez v. Sessions*, 731 F. App'x 818, 821 (10th Cir. 2018)," which he claims found "declaratory relief appropriate even when other claims failed." Objections at 7.  This case does not appear to exist; the citations to the Federal Appendix point to completely different cases that have nothing to do with declaratory relief. *See In re McNally*, 731 F. App'x 814 (10th Cir. 2018); *United States v. Pasley*, 731 F. App'x 819 (10th Cir. 2018).  Chang next cites to *Lunney v. United States*, 319 F.3d 550 (2d Cir. 2003).  Objections at 7-8.  Although this case exists, it too does not concern, let alone even mention, the Declaratory Judgment Act.  Chang finally cites to "*Raju v. Cuccinelli*, 2020 WL 4915773, at \*8 (D.D.C. Aug. 21, 2020)," claiming that, in that case, the court "grant[ed] declaratory relief to an immigration applicant facing indefinite delays." Objections at 8.  The Westlaw citation leads to a case with the correct name, albeit issued by a different district court on a different date: *Raju v. Cuccinelli*, No. 20-CV-01386-AGT, 2020 WL 4915773 (N.D. Cal. Aug. 14, 2020).  Much like with *Lunney*, this case neither pertains to nor mentions declaratory relief.  (Chang's pincite to the eighth page does not help the Court make sense of his citation, as there is no eighth page in the opinion.)

434 F. Supp. 3d at 60-61; *Zhuo v. Mayorkas*, No. 23 Civ. 5416 (DLI), 2024 WL 4309232, at *5 (E.D.N.Y. Sept. 26, 2024); *Zheng v. Garland*, No. 22 Civ. 6039 (AMD), 2024 WL 333090, at *7 (E.D.N.Y. Jan. 29, 2024).

The Court therefore overrules these objections and dismisses Chang's requests for declaratory relief without prejudice.

**D.     Leave to Amend**

Finally, Chang objects to Judge Cave's recommendation that the Court deny him leave to amend his complaint. Objections at 8-10. He correctly notes that "[c]ourts routinely grant pro se litigants at least one opportunity to amend their complaints," *id.* at 9 (citing *Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000)), and he argues that amendment would not be futile because he could add allegations "[c]larifying the unreasonable nature of USCIS's delay under APA standards," "[s]trengthening the legal basis for declaratory relief, incorporating additional case law," and "[f]urther substantiating the direct harm caused by the 43-month delay," *id.*

District courts typically should not dismiss a *pro se* plaintiff's complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112. When "the barriers to relief . . . cannot be surmounted by reframing the complaint," however, leave to amend is properly denied as futile. *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013). That is the case here. Even a liberal reading of the Complaint here does not "suggest[] that [Chang] has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. For the reasons stated above, immediate amendment of the Complaint would not remove the barriers to relief. No plausible "clarification" of USCIS's delay would change the analysis under the *TRAC* Factors; no opportunity to identify additional legal authority would entitle Chang

to declaratory relief; and no "substantiating" of Chang's asserted harms—which for the reasons stated above the Court concludes to be insufficient—would entitle him to relief under the APA.

The Court therefore overrules Chang's objection and denies him leave to amend his Complaint.

### IV. Conclusion

Accordingly, the Court adopts the Report and Recommendation in its entirety, dismisses the Complaint without prejudice, and denies Chang leave to amend the Complaint. The Clerk of Court is respectfully directed to update the docket to reflect that Kristi Noem is the Secretary of the Department of Homeland Security and that Kika Scott is the Senior Official Performing the Duties of the Director of United States Citizenship and Immigration Services, *see* R&R at 1 n.1, and further to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 18, 2025
      New York, New York
                                          JOHN P. CRONAN
                                     United States District Judge